**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | | |
|---|---|---|
| In re: | * | |
| | | **Bankruptcy Case** |
| MOHAMED A. EL RAFAEI, | * | Case No. 20-12583-KHK |
| | | Chapter 7 |
| Debtor. | * | |
| * * * * * * | * * * * * | |
| H. JASON GOLD, CHAPTER 7 TRUSTEE | * | |
| P.O. Box 57359 | * | |
| Washington, DC 20037 | | |
| | * | |
| Plaintiff | | |
| | * | **Adversary Proceeding** |
| v. | | **Case No.** |
| | * | |
| ANIS RHANIME a/ka ANIS RHAMINE | | |
| 8221 Westwood Mews Court | * | |
| Vienna, Virginia 22182 | | |
| | * | |
| Defendant | | |
| | * | |
| * * * * * * * * * * * * | | |

## COMPLAINT

NOW COMES, H. Jason Gold, Chapter 7 Trustee ("Trustee" or "Plaintiff"), by and through undersigned counsel, and hereby files this Complaint against Anis Rhamine a/k/a Anis Rhanime (hereinafter referred to as "Rhamine"), and, in support thereof, state as follows:

### JURISDICTION AND VENUE

1. Plaintiff brings this adversary proceeding pursuant to and under Rule 7001 of the Federal Rules of Bankruptcy Procedure, seeking relief pursuant to, *inter alia*, Sections 502, 547, 548, 550 and 551 of title 11 of the United States Code (the "Bankruptcy Code") to recover preferential transfers made to Defendant.

2. The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334. This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (F) and (O).

3. Venue of this adversary proceeding is properly in the United States Bankruptcy Court for the Eastern District of Virginia pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The Court has personal jurisdiction over the Defendant because he conducted business in this District, directed activities toward Debtor in this District, interacted with Debtor in this District, and/or the transfers at issue occurred, in whole or in part, in this District.

## PROCEDURAL BACKGROUND

5. On November 23, 2020, Mohamed A. El Rafaei ("Debtor") filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Bankruptcy Code (the "Bankruptcy Code").

6. On August 2, 2022, this Court entered an Order Approving Appointment of H. Jason Gold as Chapter 11 Trustee.

7. On August 17, 2022, this Court entered an Order Granting a Motion to Convert Case to Chapter 7.

8. H. Jason Gold has been appointed Chapter 7 Trustee for the Debtor's estate and serves in such capacity pursuant to 11 U.S.C. § 702(d).

## FACTS

9. The Debtor's wife is Omnia Moustafa.

10. The Debtor's mother's sister is Miriam Zakaria.

11. Miriam Zakaria's daughter is Mona Wahab. Thus, Wahab is the Debtor's cousin.

12. Wahab is married to Rhamine.

13. Rhamine is an insider.

14. The Debtor is the sole member of Design 2 Build LLC and Socialize America LLC, and those are his alter egos.

15. The Debtor and Rhamine are members of Café Concepts LLC.

16. The Debtor has made a total of $583,635 in pre-petition avoidable transfers to Rhamine, all of which are detailed below.

18. Rhamine loaned the Debtor $1,156,000 in December 2019.

19. Indeed, on December 2, 2019, $1,155,964.61 (the loan less a bank fee) was transferred into the Debtor's personal account at Bank of America ending in 1717 from an account held by District Cafes, LLC.

20. According to Rhamine, on or about that same day, "we recalculated everything, again . . . we had started with rough numbers, about how much money he would need . . . to pay off the loan, to pay off the house, how much money he would need . . . to get a car or two properties or whatever . . . we had looked at the time. And I think he realized . . he did not need the entire money. And he was worried about . . . paying it back and the interest and whatnot . . . so he decided to put it back."

21. The next day, on December 3, 2019, the Debtor transferred $100,000 from his personal bank account at Bank of America ending in 1717 to Rhamine to return some of the money loaned to him.

22. On December 4, 2019, $1,000,000 was transferred from the Debtor's personal bank account at Bank of America ending in 1717 into the Debtor's personal account at Wells Fargo ending in 8432.

23. Five days later, on December 9, 2019, the Debtor filed a certificate of organization for an entity called Socialize America, LLC with the Commonwealth of Virginia.

24. The Debtor is the sole member and officer of Socialize America, LLC, which does not have employees or an operating agreement, does not own any real or personal property, and has never conducted any business.

25. That same day, December 9, 2019, the Debtor transferred $5,000 from his personal bank account at Bank of America ending in 1717 to Rhamine. The Debtor and Rhamine have no explanation for this transfer.

26. The next day, December 10, 2019, the Debtor opened up a bank account for Socialize America, LLC with Wells Fargo ending in 5159.

27. The Debtor transferred money to that account even though the entity had no employees and/or business because Socialize America, LLC's accounts were not linked to any other payments, he wanted to be sure that the money in that account would not interact with anything else, and he wanted to keep the money in that account separate.

28. On December 18, 2019, the Debtor transferred $300 from his personal bank account at Bank of America ending in 1717 to Rhamine.

29. The Debtor has no explanation for this transfer.

30. In February 2020, the Debtor decided to return $475,000 of the money that Rhamine loaned to him.

31. On March 2, 2020, the Debtor transferred $475,000 into his Socialize America account at Wells Fargo ending in 5159, and a check dated February 29, 2020 in the amount of $475,000 made out to Rhamine from the Socialize America account was cashed.

32. The Debtor wrote a check dated October 10, 2020 from Design 2 Build LLC's Bank of America account ending in 3049 to Rhamine in the amount of $3,335.

33. In summary, the Debtor transferred $583,635 to Rhamine, who is an insider, within the year before he filed for bankruptcy, without a contemporaneous exchange of new value.

**COUNT I**
**For Avoidance of a Pre-Petition Transfers – 11 U.S.C. § 547**

34. Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

35. Pursuant to the above referenced code provision, a trustee, based on reasonable due diligence in the circumstances of the case and taking into account a party's known or reasonably knowable affirmative defenses, may avoid any transfer of an interest of the debtor in property: (a) to or for the benefit of a creditor; (b) for or on account of an antecedent debtor owed by the debtor before such transfer was made; (c) made while the debtor was insolvent; (d) made on or within ninety (90) days, or within one year to an insider, before the filing of the petition; and (e) that enable such creditor to receive more in satisfaction of its claims than it would receive in a case under chapter 7 of the Bankruptcy Code if the transfer had not been made.

36. After reasonable diligence under the circumstances of this case, including with respect to any potential defenses, Plaintiff believes that the transfers referenced above are avoidable in whole or in part.

37. The transfers were made to or for the benefit of the Defendant, who was a creditor of the Debtor at the time each of the transfers were made.

38. The transfers were for or on account of an antecedent debt owed by the Debtor before the transfer was made.

39. Defendant had no collateral, security interest, or lien to secure payment by the Debtor.

40. The Debtor is presumed to have been insolvent at the time of the transfers pursuant to 11 U.S.C. § 547(f).

41. At the time that each of the transfers was made, the sum of the debts of the Debtor exceeded the total value of the Debtor's property at a fair valuation.

42. The transfers enabled the Defendant to receive more in satisfaction of his claims against the Debtor than he would have received in a case under chapter 7 of the Bankruptcy Code had the payments not been made.

43. For the foregoing reasons, Plaintiff is entitled to an order and judgment under 11 U.S.C. § 547 avoiding the above referenced transfers, except to the extent of any valid defenses.

44. Defendant is the initial transferee, or immediate or mediate transferee of an initial transferee of the transfers.

45. The transfers constitute property of the Debtor's estate.

46. Plaintiff is entitled to recover the full value of the transfers and the Defendant is liable for the full value of the transfers made to them pursuant to Section 550 of the Bankruptcy Code.

47. The aforementioned avoidable transfers should be preserved for the benefit of the Estate pursuant to 11 U.S.C. § 551.

## COUNT II
### For Avoidance of Fraudulent Transfers – 11 U.S.C. § 548

48. Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

49. The aforementioned transfers constitute "transfers" within the meaning of 11 U.S.C. § 101(54).

50. The Debtor's interest in the transfers, but for the transfers, would have been property of the Debtor's Bankruptcy Estate.

51. To the extent that any of the transfers was not on account of an antecedent debt, at the time of the transfers, the Debtor (A) made said transfers with the actual intent to hinder, delay, or defraud entities that were or became creditors, or, (B) received less than a reasonably equivalent value in exchange for such transfer and (I) was insolvent on the date that the transfer was made or became insolvent as a result of the transfer, (II) was engaged in a business or transaction, or was about to engage in a business or transaction, for which any property remaining with the Debtor was an unreasonably small capital, and/or (III) intended to incur, or believed that the Debtor would incur, debts that would be beyond the debtor's ability to pay as such debts matured.

52. By reason of the foregoing, Plaintiff is entitled to an order and judgment

under Section 548 of the Bankruptcy Code avoiding any transfer to the extent such transfer was not made on account of an antecedent debt.

### COUNT III
### To Disallow Claims – 11 U.S.C. § 502

53. Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

54. Plaintiff seeks to disallow, pursuant to 11 U.S.C. § 502(d) and (j), any and all claims that the Defendant has filed or asserted or does file or assert against the Estate of the Debtor that made avoidable transfers, until such time that Defendant pays an amount equal to the aggregate amount of the transfers attributable to him, plus interest thereon and costs.

55. Plaintiff does not waive but hereby reserves all of his rights to object to any such claim for any reason, including but not limited to any reason set for in 11 U.S.C. § 502.

### COUNT IV
### To Recover Property – 11 U.S.C. § 550

56. Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

57. As alleged above, Plaintiff is entitled to avoid the above referenced transfers.

58. Defendant is the initial transferee, the entity for whose benefit the transfer was made, or an immediate or mediate transferee of such initial transferee.

59. Plaintiff is entitled to recover the value of the transfers under 11 U.S.C. § 550, and is entitled to an order and judgment in the amount of the transfers.

## COUNT V
### To Preserve the Transfer – 11 U.S.C. § 551

60. Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

61. The transfers described above is property of the estate of the Debtor.

62. The transfers described above should be preserved for the benefit of the Debtor's estate pursuant to § 551 of the Bankruptcy Code.

## PRAYER FOR RELIEF

WHEREFORE, for the foregoing reasons, Plaintiff respectfully requests that this Honorable Court enter judgment against the Defendant granting the following relief:

A. Avoiding the above referenced transfers, holding the Defendant liable for the transfers that he received, and directing the Defendant to return to the Plaintiff the amount of the transfers that he received plus interest from the date of demand at the maximum legal rate and to the fullest extent allowed under applicable law, together with the costs and expenses of this action to the fullest extent allowed under applicable law pursuant to 11 U.S.C. §§ 547 or 548, and 11 U.S.C. § 550;

B. Preserving for the benefit of the Estate the above referenced transfers or the value thereof pursuant to 11 U.S.C. § 551;

C. Disallowing any and all claims held or filed by any Defendant against the Estate of the Debtor until that Defendant returns the amount of any transfers attributable to them to the Plaintiff pursuant to 11 U.S.C. § 502; and

D. Granting the Plaintiff such other and further relief as this Court may deem just and proper.

/s/ Charles B. Peoples

**THOMAS, THOMAS & HAFER, LLP**
Charles B. Peoples, Esquire, VB No. 89981
Thomas, Thomas & Hafer LLP
1025 Connecticut Avenue, NW, Suite 608
Washington, DC 20036
Phone: (202) 945-9501
Cell: (443) 907-6046
Fax: (202) 945-9509
cpeoples@tthlaw.com
*Counsel for Chapter 7 Trustee*